

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: ELAMEX, S.A. DE C.V.; ELAMEX USA, CORP.; and MOUNT FRANKLIN FOODS, L.L.C. | § | No. 08-23-00246-CV |
| | § | AN ORIGINAL PROCEEDING IN |
| Relators. | § | MANDAMUS |
| | § | |
| | § | |

## <u>SUBSTITUTED MEMORANDUM OPINION</u>

We deny Appellant's motion for rehearing. On our own motion, we withdraw the February 21, 2024 opinion and vacate the corresponding judgment. The following is now the opinion of the Court.

In this original proceeding, Relators Elamex, S.A. de C.V.; Elamex USA, Corp.; and Mount Franklin Foods, L.L.C. ask this Court to compel the Honorable Ruben Morales, presiding judge of County Court at Law 7 of El Paso County, to vacate his order denying Relators' motion to dismiss for lack of subject matter jurisdiction.[1] We decline to do so.

---

[1] Additional parties Casas Grandes Confections, L.L.C; Sunrise Candy, L.L.C; and Robert J. Whetten join in Relators' Petition for Writ of Mandamus.

Relators previously sought mandamus relief from this Court following the trial court's denial of its motion to dismiss for lack of subject matter jurisdiction, which was denied because Relators failed to show the trial court abused its discretion. *See In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 896–97 (Tex. App.—El Paso 2012, no pet.).

Here, Relators include additional documents in the record since the last Petition for Writ of Mandamus.[2] And Relators maintain (1) that Real Parties in Interest lack standing to bring their claims because they had no interest in the building and no authority to pursue lawsuits and collections associated with the property; (2) any rights Real Parties in Interest had to collect rents were retroactively extinguished, making their claims moot;[3] and (3) "the courts of Mexico have exclusive jurisdiction over the [property], the Amended Trust Agreement, the Lease Agreement, and the Foreclosure of Trust Deed." They further maintain that Real Parties in Interest must prove title to obtain any damages,[4] thus the question of title is essential, and they have no adequate remedy on appeal because, inter alia, the trial court's order interferes with the jurisdiction of another country.

Real Parties in Interest Dulces Arbor, S. de R.L. de C.V. and Blueberry Sales, LLP focus their claims on Relators' purported interference and other tortious conduct beginning in 2008, which they contend caused the default and eventual foreclosure. They maintain that "the requisite elements of Plaintiff's various causes of action do not require adjudicating title of the Property or

---

[2] Additional documents include the Mexican trust document; security agreements between Maple Commercial Finance Corporation and Real Parties in Interest Dulces Arbor, S. de R.L. de C.V. and Blueberry Sales, LLP; and documents pertaining to the foreclosure and sale of the subject building to Elamex de Occidente as well as the revocation of Dulces Arbor's authorization to lease the building and collect rent from July 10, 2010, forward.

[3] Relators, in their petition, assert that the following claims of Real Parties in Interest fail for lack of standing and mootness: fraud, conversion, tortious interference, breach of contract under theory of alter ego, and unjust enrichment.

[4] They except the claim for breach of contract related to attorney's fees.

stripping Elamex de Occidente of its current ownership of the same," nor do they require adjudicating the "now defunct" trust agreement or "the continued existence of their right to lease the Property to tenants or collect rent."

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023). Construing the pleadings liberally in favor of Real Parties in Interest and looking to their intent, as we must with a plea to the jurisdiction, it appears that "the nature of the suit and the remedy sought directly affect and operate upon [Relators], and not upon the out-of-state property." *See In re Elamex*, 367 S.W.3d at 897; *see also Phoenix Energy, Inc. v. Breitling Royalties Corp.*, No. 05-14-01153-CV, 2014 WL 6541259, at *1 (Tex. App.—Dallas Oct. 17, 2014, no pet.) (mem. op.) ("If the crux of the action does not hinge on the resolution of issues specific to the land, but hinges instead on the conduct of the defendant, then the suit is deemed "transitory" or *in personam,* and Texas courts have jurisdiction over the suit."). Similarly, we cannot say at this juncture that to litigate the claims in the underlying suit, the parties must necessarily adjudicate matters within the exclusive jurisdiction of Mexican courts, nor can we say that this suit "involves a naked question of title." *In re Elamex*, 367 S.W.3d at 898; *see also Martinez Jardon v. Pfister*, 593 S.W.3d 810, 835–36 (Tex. App.—El Paso 2019, no pet.) (concluding title was "merely incidental" when fraud and breach of fiduciary duty claims "directly affect and operate" on defendant, not the Mexican properties, and remedy required an order enforcing defendant's "*in personam* obligation to pay the money judgment, not an adjudication of title").

Accordingly, because Relators did not show that the trial court clearly abused its discretion in denying their motion to dismiss for lack of subject matter jurisdiction, we deny Relators' petition for writ of mandamus.[5]


LISA J. SOTO, Justice


April 4, 2024

Before Palafox, J., Soto, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge) (sitting by assignment)

---

[5] Relators raise other issues in support of their mandamus petition, including standing and mootness. However, a motion to dismiss based on lack of subject-matter jurisdiction is the functional equivalent of a plea to the jurisdiction, and "an appeal will generally be an adequate remedy" to correct a trial court's denial of a plea to the jurisdiction. *In re Occidental W. Tex. Overthrust, Inc.*, 626 S.W.3d 395, 399 (Tex. App.—El Paso 2021, no pet.). One of the exceptions to this rule is when another court has exclusive jurisdiction over a dispute. *Id.* (citing *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004)). But because we have concluded that Relators have not shown at this stage that the parties must necessarily adjudicate matters within the exclusive jurisdiction of Mexican courts, this exception does not apply. Relators' other arguments for mandamus relief fall squarely within the default rule that "an appeal will generally be an adequate remedy" to correct a trial court's denial of a plea to the jurisdiction, and we deny their petition for writ of mandamus based on those grounds accordingly. *Id.*